```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF IOWA
```

```
UNITED STATES OF AMERICA,      )
                               )    NO. 4:13-cr-00055-JAJ-RAW
          Plaintiff,           )
                               )
   vs.                         )    ORDER FOLLOWING PRE-HEARING
                               )    CONFERENCE ON CONFLICTS
MICHAEL FRANCIS STEIN,         )    INQUIRY AND RULING ON
                               )    GOVERNMENT'S MOTION IN LIMINE
          Defendant.           )    [43]
                               )
```

The Court held a pre-hearing conference this date with counsel for the parties. United States Attorney Nicholas Klinefeldt appeared for the government, and attorney Mark Weinhardt for defendant Stein. Also appearing was attorney John Lorentzen, counsel for the alleged victim, Wellmark, Inc. The purpose of the pre-hearing conference was to discuss what will occur and what issues will be taken up at the scheduled November 14, 2013 inquiry into any potential conflict the law firm of Weinhardt & Logan ("W&L") may have in representing defendant Stein. Wellmark's pending motion to quash a subpoena served on it by defendant was addressed at the conference and by separate order has been granted.

There was general agreement on how the November 14 hearing should proceed. Testimony will not be taken. The parties may offer exhibits, including affidavits. The Court will open the hearing by having the government explain the purpose for the inquiry and its position with respect to the existence of any conflict of interest in W&L's representation. Defendant's counsel

will make a complete disclosure on the record of facts relating to W&L's and its attorneys' representation of and relationship with Wellmark (including while working at the Belin firm). Counsel will advise the Court what advice and assurances have been given to Mr. Stein concerning the existence of any conflict and W&L's representation of him. The Court will conduct a colloquy with Mr. Stein concerning his Sixth Amendment right to the effective assistance of counsel and matters he should consider relating to his attorneys' prior representation of Wellmark and the potential for conflict. If Mr. Stein wishes to waive any conflict which might exist, the Court will take his waiver on the record. Mr. Stein should also file a written waiver if that is what he wants to do. The Court will then decide to accept any such waiver as knowingly, voluntarily and intelligently made and make any appropriate collateral findings. Portions of the proceedings, particularly those concerning what has passed between attorney and client, will occur outside the presence of government counsel.

   The Court notes that while Wellmark at one point contended it and Mr. Stein were concurrent clients of W&L, it now appears without dispute that any attorney-client relationship which previously existed between Wellmark and W&L has ended. There may be a dispute between Wellmark and W&L as to whether their attorney-client relationship ended prior to the appearance of W&L for defendant but the parties and Wellmark appear to agree, as does the

Court, that that issue need not be resolved in connection with the conflicts inquiry to be made by the Court.

The conflicts inquiry on November 14 shall proceed generally as above.

The government's motion for the inquiry has previously been granted. Included in the motion [43] is a motion in limine to prohibit any reference at trial to the prior representation of Wellmark by W&L. Defendant does not resist based upon his current understanding of the issues to be tried in this case, agreeing that the former representation is irrelevant. Accordingly, the motion in limine is granted subject to the parties' right to re-visit the issue according to developments prior to or at trial. Unless and until the presiding judge decides to allow mention or evidence of W&L's prior representation of Wellmark, the matter will not be commented up on by counsel or in testimony in the presence of the jury. Counsel shall instruct their clients and witnesses accordingly.

IT IS SO ORDERED.

Dated this 5th day of November, 2013.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE